FILED
SUPERIOR COURT
OF GUAM

2021 JAN -7 PM 4: 35

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **CRIMINAL CASE NO.: CF0211-20** |
| Plaintiff, | |
| v. | **DECISION AND ORDER** |
| | Re: Defendant's Motion for Bill of Particulars |
| **MARK FRANCIS AGUIGUI SABLAN,** | |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Judge Anita A. Sukola on December 2, 2020, upon Defendant's Motion for Bill of Particulars. Plaintiffs, the People of Guam, are represented by Assistant Attorney General Brendlynn O. Joseph. The Defendant, Mark Francis Aguigui Sablan ("Sablan"), is represented by Assistant Public Defender Heather M. Zona. A hearing was held on the matter on December 18, 2020. For the reasons set forth below, having reviewed the moving papers and the arguments therein, the Court **GRANTS** the Defendant's Motion for Bill of Particulars.

### BACKGROUND

Mr. Sablan was arrested on April 18, 2020 for allegedly possessing methamphetamine. Magistrate's Compl. (Apr. 20, 2020). On November 10, 2020, Sablan was indicted through a grand jury with one count of **POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a Third Degree Felony)**. Indictment (Nov. 10,

CF0211-20, People of Guam. v. Mark Francis Aguigui Sablan
Decision and Order (Motion For Bill of Particulars).

Page 1 of 4

2020). It is undisputed that Sablan was a passenger in a vehicle driven by a Mr. Guzman during the night in question. See Magistrate's Compl. (Apr. 20, 2020); See also Def.'s Mot. for Bill of Particulars (Dec. 2, 2020). The vehicle was stopped pursuant to a traffic stop and an alleged consent search was conducted. Magistrate's Compl. (Apr. 20, 2020). Officers located a "Krazy Glue" container in the passenger side door, where three small baggies containing suspected methamphetamine were found. Id. Sablan is not alleged to have operated or owned the vehicle. Def.'s Mot. for Bill of Particulars at 2 (Dec. 2, 2020).

Sablan argues that he is "entitled to know not only which statutory provisions he violated, but also what he did which constitutes the violation." Def.'s Mot. for Bill of Particulars at 4 (Dec. 2, 2020). Further, he claims "there is no notice as to the specific, factual basis for an assertion . . . [he] knowingly 'possessed' drugs." Id. At the hearing, he argued, that as Mr. Guzman was likewise arrested, the factual basis is unclear for which theory the prosecution is pursuing to prove the drugs belonged to Sablan, whether simply because he was in close proximity to the suspected drugs, or some other factors. Recording Log of Hearing (Dec. 18, 2020, 1:41:10).

In response, the People argue "[t]he Indictment is sufficient because the charge track[s] the language of the Possession of a Schedule II Controlled Substance (As a Third Degree Felony) statute and unambiguously sets forth the elements of the offense . . . [and] clearly indicated the date, time and place of the incidents . . ." People's Resp. to Def.'s Mot. for Bill of Particulars at 4 (Dec. 16, 2020). Further, they argue Sablan is "on notice of all the facts that the People intend to rely on," as Sablan, "is in possession of the Grand Jury Disk, police reports, and supplemental investigation reports." Id.

Sablan filed the Motion before us on December 2, 2020, and a hearing was held on the matter on December 18, 2020. The Court subsequently took the matter under advisement.

## DISCUSSION

The law clearly provides this Court discretionary authority to order the Government to provide a bill of particulars as necessary for the defendant to adequately prepare a defense. The pertinent statute reads as follows:

> Whether or not an indictment or information complies with § 55.10, if it fails to specify the particulars of the offense sufficiently to enable the defendant to prepare his defense, the court may, on motion of the defendant, require the prosecuting

CF0211-20, People of Guam. v. Mark Francis Aguigui Sablan
Decision and Order (Motion For Bill of Particulars).

Page 2 of 4

attorney to furnish the defendant with a clarification of the pleading containing such particulars as may be necessary for the preparation of the defense.

8 GCA § 55.30.

The purpose of the bill of particulars is "to apprise the defendant of the specific charges being presented to minimize the danger of surprise at trial, to aid in preparation and to protect against double jeopardy." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). Further, "[t]he granting of a bill of particulars is a matter that still remains in the sound discretion of the trial court." *U.S. v. Hartlerode*, 467 F.2d 1280, 1282 (9th Cir. 1972). The goal of a bill of particulars is "not [to] entitle a defendant to explore at will all evidence the government may hold against him." *Morgan v. U.S.,* 380 F.2d 686, 698 (9th Cir. 1967). Rather, it entitles the defendant to know, "only the theory of the Government's case." *Cook v. U.S.*, 354 F.2d 529, 531 (9th Cir. 1965) (*citing Yeargain v. United States*, 314 F.2d 881, 882 (9th Cir. 1963)). However, a bill of particulars may only be used to aid the Defendant in understanding the factual basis for the Government's theory of the case and not the specific legal theory. *Rose v. U.S.*, 149 F.2d 755, 758 (9th Cir. 1945) ("[t]he purpose of a bill of particulars is to secure facts, not legal theories").

Here, the indictment simply states, "[o]n or about the 18th day of April, 2020, in Guam, Mark Francis Aguigui Sablan, did commit the offense of Possession of a Schedule II Controlled Substance (As a Third Degree Felony), in that he did unlawfully knowingly possess a Schedule II controlled substance . . ." Indictment (Nov. 10, 2020). The Magistrate's Complaint adds, "the officer saw him reaching for the right side of his pants several times." Magistrate's Compl. (Apr. 20, 2020). The suspected controlled substance was found in the passenger door. *Id.* As such, there appears to be no clear factual basis as to the theory under which the Government intends to prove that Sablan possessed the drugs, in the indictment or the Magistrate's Complaint.

The Court agrees with Sablan's argument that his defense is necessarily predicated on the factual basis for his arrest, and the indictment does not "provide sufficient information on nature of the charges to allow preparation of a defense." *U.S. v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984). Sablan is not requesting that the Government disclose all evidence or their specific legal theories. However, in order to prepare to mount a defense, Sablan must be apprised of the factual basis for his possession of the controlled substance.

CF0211-20, People of Guam. v. Mark Francis Aguigui Sablan
Decision and Order (Motion For Bill of Particulars).

Page 3 of 4

<u>Conclusion</u>

Based on the foregoing, Defendant Sablan's Motion for Bill of Particulars is **GRANTED**.

**SO ORDERED** this ___1/7/2021___.

The Honorable Anita A. Sukola
Judge, Superior Court of Guam

CF0211-20, People of Guam. v. Mark Francis Aguigui Sablan
Decision and Order (Motion For Bill of Particulars).

Page **4** of **4**